LeBLANC, Judge.
Plaintiff-appellee, Thomas R. Smith, d/b/a Rick Smith and Associates, filed suit against defendant-appellant, Richard T. Hartley, seeking a real estate commission on the sale of a tract of land that was purchased by a partnership in which defendant was a one-half partner.
In early 1984, Smith, a real estate broker, and Hartley, a real estate broker and developer, discussed Hartley’s interest in purchasing and developing land along Highland Road in Baton Rouge, Louisiana. Subsequently, Mr. C.R. Russell Kleinpeter informed Smith that he was interested in selling three adjoining tracts of land that were adjacent to Highland Road, designated as Tracts I, II and III. Kleinpeter did not formally list his property with Smith’s real estate firm. However, according to Smith, Kleinpeter agreed to pay a six (6%) percent commission if Smith found a buyer for his property. Smith initially testified that this agreement applied to all of the tracts of land. However, he subsequently testified that this agreement referred only to Tract I of the Kleinpeter property.
Smith introduced Hartley to Kleinpeter and negotiations began concerning the three adjoining tracts of land. On August 7, 1985, Smith prepared a purchase offer from Rick Hartley, Inc. (Hartley) to Klein-peter wherein Hartley offered to purchase Tract I, which included approximately 19.5 acres, at the stated price of $585,000.00. The offer further stated that “[i]n consideration for the purchase of Tract I, Seller agrees to grant Purchaser an option to purchase Tract II consisting of approximately 10.5 acres and/or Tract III consisting of approximately 15 acres ... within eighteen months after the Act of Sale of Tract I.... ” After this original purchase offer was made by Hartley, Kleinpeter made a counter-offer in which the proposed options on Tracts II and III were deleted and the purchase price was changed to $30,000.00 per acre. Hartley countered Kleinpeter’s counter-offer, adding some additional restrictions to the sale of Tract I. The parties reached agreement on the conditions of the sale on August 13,1985. The purchase agreement also provided that Kleinpeter agreed to pay Rick Smith, Inc. a commission of six (6%) percent of the purchase price. In approximately August or September of 1985, prior to the closing of the sale of Tract I from Kleinpeter to Hart-ley, Hartley asked Smith to pay him two (2%) percent of the six (6%) percent real estate commission that would be generated by the sale of Tract I of the Kleinpeter property. Smith agreed. He and Hartley signed a contract providing the following:
Commission Agreement
Kleinpeter Property — Highland & Siegen Lane
Rick Smith and Associates agrees to pay Hartley and Associates a selling commission of 2% of the purchase price at the closing of Tract I of the Kleinpeter property.
Both parties agree that if additional puraches (sic) of property are made by R. Hartley, then the commission will be split *148 50/50 at the closing of Tract II and Tract III.
Thereafter, the August 13, 1985 purchase agreement was voided pursuant to its own terms because certain sewerage requirements were not able to be met for the Tract I property. However, in October of 1985, another purchase agreement was negotiated regarding Tract I. Hartley and his partner in Knox Hill Partnership, David R. Vey, agreed personally and in their capacity as partners in Knox Hill to purchase the Tract I acreage for the price of $30,-000.00 per acre. Kleinpeter agreed to these terms and further agreed to pay a six (6%) percent sales commission. One-half of the commission was to be paid to Rick Smith, Inc. and the other one-half was to be paid to Hartley & Associates. Pursuant to the terms of this purchase agreement, a cash sale was executed on January 24, 1986.
The seller in this transaction was identified as C.R.K. Farms Partnership, represented by its managing partner, Charles R. Kleinpeter, Jr. The buyer was identified as Oak Hills Four Partnership, represented by its managing partners, Rick Hartley, Inc., who was represented by its President, Richard T. Hartley; and Vey Development, Inc., represented by its President, David R. Vey. Kleinpeter paid the six (6%) percent commission as designated in the purchase agreement.
Thereafter, on December 19, 1986, Oak Hills Four Partnership purchased another tract of land, designated as Tract III, from C.R.K. Farms Partnership. The “cash sale” contract identified the selling price as $348,750.00. However, a counter letter, which was executed on the same date as the sale transaction, established the true sales price was $250,000.00. Neither the “Cash Sale” contract nor the counter letter provided for the payment of any real estate commissions, and no commissions were paid.
Although Smith had no involvement with the sale of Tract III, he became aware that it had been sold when he discovered that Hartley had begun a development on this property. Smith filed suit against Hartley contending that Hartley breached the Commission Agreement that was entered into by Rick Smith and Associates and Hartley and Associates. Smith asserted that, pursuant to the Commission Agreement, Rick Smith and Associates was entitled to receive one-half of a six percent (6%) real estate commission as a result of the sale of Tract III.
In its written reasons for judgment, the trial court determined that the Commission Agreement should be given effect. The trial court found that since Tract III was sold to an entity in which Richard Hartley had a major interest, a commission was due pursuant to the Commission Agreement, “based on a 50/50 split at the closing of Tract III.” The court also found that “Hartley consciously intended to deprive Mr. Smith of his commission in violation of his written agreement.” The court explained that there was an implied obligation that the parties act in good faith. The court determined that “Hartley was not in good faith when he made a side agreement with the seller after having entered into this written agreement with Rick Smith.” Based on these reasons, the trial court rendered judgment in favor of Smith and against Hartley in the amount of Seven Thousand Five Hundred ($7,500.00) Dollars, this amount representing one-half of a six percent commission on the actual sales price of Tract III, which was $250,000.00.
Hartley appeals the trial court’s judgment contending that the court erred in finding that a commission was owed to Smith. Hartley argues that the record fails to establish that C.R.K Farms Partnership agreed to pay a commission to anyone as a result of the sale of Tract III. Hartley also argues that the trial court erroneously rendered judgment in favor of Smith against him because neither Hartley nor anyone else received a commission due to the sale of Tract III. Hartley also asserts that he did not agree to pay a commission to Smith; rather, he agreed only to split with Smith the commissions received as a result of the sale of the Kleinpeter property.
*149 Smith’s testimony is conflicting regarding whether or not Kleinpeter agreed to pay him a commission in the event that his efforts produced a sale of Tract III. However, since Kleinpeter is not a party to this suit, we need not determine what agreement was reached between Kleinpeter and Smith.
The crucial issue presented in this case is whether Hartley agreed to pay a real estate commission to Smith in the event that Tract III was sold to Hartley or one of Hartley’s business entities. Examining the record in its entirety, we find no evidence that Hartley agreed to pay such a commission to Smith. The commission agreement which was entered into by Rick Smith and Associates and Hartley and Associates clearly does not obligate Hartley and Associates to pay a real estate commission as a result of the sale of Tract III. Hartley and Associates merely agreed to split the commission with Rick Smith and Associates, if a commission was generated by the sale of Tract III. We find the words of the commission contract are clear and explicit and lead to no absurd consequences. Thus, no further interpretation may be made in search of the parties’ intent. La.Civ.Code art. 2046.
Furthermore, the record establishes that no commission was paid by Kleinpeter or anyone else as a result of the sale of Tract III. Since no commission was generated by this sale there was no commission to be split by Hartley and Smith. Accordingly, we find the trial court’s finding that Hart-ley owes a $7,500.00 commission to Smith is manifestly erroneous. For these reasons, the judgment of the trial court is reversed.
All costs are assessed against plaintiff-appellee.
REVERSED.